IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE L. WILLIAMS, | ) | CASE NO. 1:13-cv-00659 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| JASON BUNTING, Warden, | ) | KATHLEEN B. BURKE |
| | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

Petitioner Maurice L. Williams ("Petitioner" or "Williams"), acting *pro se*, filed this habeas corpus action pursuant to 28 U.S.C. § 2254 on March 26, 2013. Doc. 1.  Respondent filed a Return of Writ (Doc. 6) and Williams filed his Traverse (Doc. 8).

Williams challenges the constitutionality of his conviction and sentence in *State v. Williams*, Case No. 10-CR-080661 (Lorain County).  Doc. 1.  Williams entered a plea of no contest and the trial court subsequently found him guilty of attempted murder, two counts of felonious assault, attempted aggravated arson, domestic violence, and attempted aggravated arson and sentenced Williams to an aggregate term of twelve years in prison.  Doc. 7-3, pp. 122, 123-126.[1]  As discussed more fully below, Williams challenges the trial court's decision not to appoint new counsel and the trial court's denial of his motion to withdraw his no contest plea. Williams also claims that his speedy trial rights were violated.  Doc. 1, Doc. 8.

---

[1] Page number references refer to the page number for the cited ECF Doc.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2.  For the reasons set forth below, the undersigned recommends that Williams' Petition (Doc. 1) be **DENIED**.   Williams' request for an evidentiary hearing contained in his Traverse (Doc. 8) is **DENIED**.

## I.      Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual findings are presumed correct.  The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008) *cert. denied,* 129 S. Ct. 2878 (2009). The Ohio Ninth District Court of Appeals summarized the facts underlying Williams' conviction as follows:

> [*P2] On April 14, 2010, the police responded to an emergency call of a woman who reported that her boyfriend had doused her in kerosene and was attempting to set her on fire. The police encountered Williams at the front of the residence when they arrived. Williams was taken into custody while the officers investigated. Shortly thereafter, he was placed under arrest * * *

*State v. Williams*, 2012 Ohio App. LEXIS 3010, *1-2 (Ohio App. July 30, 2012).

## II.      Procedural Background

**A.      State Conviction and Sentencing**

The Ninth District Court of Appeals summarized the facts regarding the indictment, pre-trial motions, plea, conviction and sentence as follows:

> [*P2] * * * Williams was indicted on (1) attempted murder in violation of R.C. 2923.02(A)/2903.02(A), a felony of the first degree, (2) two counts of felonious assault in violation of R.C. 2903.11(A)(2), felonies of the second degree, (3) attempted aggravated arson in violation of R.C. 2923.02(A)/2909.02(A)(1), a felony of the second degree, (4) domestic violence in violation of R.C. 2919.25(A), a felony of the third degree, and (5) attempted aggravated arson in

violation of R.C. 2923.02(A)/2903.02(A)(2), a felony of the third degree. At no time did Williams waive his right to a speedy trial.

[*P3] A trial was set for July 12, 2010. On July 9, 2010, defense counsel filed a motion to change Williams' plea to not guilty by reason of insanity. After a hearing, the court granted the motion and evaluations were ordered. On November 22, 2010, Williams filed a pro se motion requesting to withdraw his insanity plea and proceed to trial. The court conducted a hearing on December 17, 2010, and granted defense counsel's oral motion to withdraw the insanity plea and schedule the case for trial. During this hearing, it was agreed that Williams' time to be brought to trial would expire the following week. The court found, however, that because a trial could not be completed prior to the court closing for the holidays, a reasonable continuance was necessary. The court scheduled the trial to begin on January 12, 2011.

[*P4] On December 29, 2010, defense counsel filed a motion to withdraw. The court conducted a hearing on January 4, 2011, and denied counsel's motion. Defense counsel then made a formal request for discovery, tolling Williams' speedy trial time. Counsel noted that while this was not what Williams wanted, discovery was in his best interest. The trial was reset for February 28, 2011.

[*P5] Prior to the trial date, Williams filed two pro se motions to dismiss his case for a violation of his right to a speedy trial. The court denied both motions. On the date set for trial, Williams entered a plea of no contest and the court found him guilty on all counts. Approximately one week later, Williams filed a pro se motion to withdraw his no contest plea and requested new counsel be appointed. The court conducted a hearing to consider Williams' request for new counsel. Ultimately, the court denied Williams' request and informed him that any motion to withdraw his plea should be filed by counsel and would be considered by the court at that time. No further motions were filed.

[*P6] Williams was sentenced to nine years for attempted murder and three consecutive years for third degree attempted aggravated arson. The court found the other counts were allied offenses of similar import and merged them with the attempted murder conviction. * * *

*State v. Williams*, 2012 Ohio App. LEXIS 3010, *1-2 (Ohio App. July 30, 2012); Doc. 7-3, pp. 54-56, ¶¶ 2-6; *See also*, Doc. 7-1, pp. 1-5; Doc. 7-1, pp. 6-8 (Indictment); Doc. 7-1, pp. 9-13 (Docket sheet); Doc. 7-2 (Transcript of proceedings); Doc. 7-3, pp. 1-3 (No contest plea form); Doc. 7-3, p. 4 (Journal entry accepting plea and finding defendant guilty per the indictment);

Doc. 7-1, pp. 127-130 (Motion to Take Back "No Contest Plea" and Journal entry denying);

Doc. 7-3, pp. 5-8 (Judgment Entry of Conviction and Sentence, journalized June 7, 2011).

**B.      Direct appeal**

On July 5, 2011, Williams, represented by new counsel, filed a Notice of Appeal with the

Ninth District Court of Appeals.  Doc. 7-3, pp. 9, 12-13.  On March 21, 2012, Williams filed his

appellate brief (Doc. 7-3, pp. 14-35) raising the following assignments of error:

1.  The trial court erred by not vacating its finding of guilty and not allowing Williams to withdraw his no-contest plea before sentencing.

2.  The trial court erred by not appointing new counsel when it became clear that the attorney-client relationship between Williams and his court-appointed attorney had broke down.

3.  The case at bar should be dismissed as the case had been ongoing for more than ninety days and therefore Williams' time limit for speedy trial had expired.

Doc. 7-3, p. 18.  On April 10, 2012, the State of Ohio filed its brief.  Doc. 7-3, pp. 36-53.  On

July 30, 2012 (journalized August 1, 2012), the Ninth District Court of Appeals overruled

Williams' assignments of error and affirmed the trial court's judgment.  Doc. 7-3, pp. 54-64.

On September 6, 2012, Williams acting *pro se* filed a Notice of Appeal with the Ohio

Supreme Court.  Doc. 7-3, pp. 66, 67-68.  In his Memorandum in Support of Jurisdiction (Doc.

7-3, pp. 69-96), Williams raised as his three propositions of law the three assignments of error

that he had raised in his appeal to the Ninth District Court of Appeals (Doc. 7-3, p. 70).  The

State of Ohio filed its Memorandum in Opposition on October 1, 2012.  Doc. 7-3, pp. 97-113.

On November 28, 2012, the Ohio Supreme Court declined jurisdiction and dismissed the appeal.

Doc. 7-3, p. 114.

**C.    Federal Habeas Corpus**

On March 26, 2013, Williams, acting *pro se*, filed his Petition asserting three grounds for

relief that are set forth and discussed below in Section III.B.  Doc. 1, pp. 5-8.

### III.    Law and Analysis

**A.    Standard of Review under AEDPA**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No.

104-132, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the

AEDPA.[2] *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  In particular, the controlling

AEDPA provision states:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable
>     application of, clearly established Federal law, as determined by the Supreme
>     Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the
>     facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  A decision is "contrary to" clearly established federal law when the state

court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law

or decides a case differently than the Supreme Court has on a set of materially indistinguishable

facts.  *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S.

362, 412-13 (2000)).  A state court's adjudication only results in an "unreasonable application"

of clearly established federal law when the state court identifies the correct governing legal

---

[2] The AEDPA statute of limitations for filing a petition for a writ of habeas corpus is one year and it begins to run on the date judgment became final. 28 U.S.C. § 2244(d)(1).  The statute of limitations has not been raised as an issue in this case.

principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.  *Id*. at 599-600 (quoting *Williams*, 529 U.S. at 413).  "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  "The state court's application of clearly established law must be objectively unreasonable."  *Id.*

In order to obtain federal habeas corpus relief, a petitioner must establish that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."  *Richter*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).  In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The petitioner carries the burden of proof.  *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

**B.** **Grounds for Relief**

**1.** **Ground One**

> **Ground One:** The court should have conducted a hearing on Williams' motion to withdraw his plea, especially in light of the fact that Williams wanted to replace his counsel because of difference in how they felt the case should continue.  Williams was not afforded a hearing on his motion to withdraw his plea and furthermore the court did not fairly consider Williams' motion to withdraw his plea.

Doc. 1, p. 5.

In state court, Williams presented his claim as a violation of state law arguing that the trial court abused its discretion in denying his motion to withdraw his plea without a hearing. Doc. 7-3, pp. 24- 26.  The Ninth District Court of Appeals held:

[*7]  In his first assignment of error, Williams argues that the court erred when it denied his pro se motion to withdraw his no contest plea. We disagree.

[*P8] "In Ohio, a criminal defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel. However, these two rights are independent of each other and may not be asserted simultaneously." *State v. Martin.* 103 Ohio St.3d 385, 2004 Ohio 5471, 816 N.E.2d 227, paragraph one of the syllabus. Thus, a pro se motion filed by a defendant that is represented by counsel is not properly before the court and need not be considered. *State v. Walters.* 9th Dist. No. 23795, 2008 Ohio 1466, ¶ 19. *See also State v. Brown.* 9th Dist. No. 23759, 2007 Ohio 7028, ¶ 4, fn.1; *State v. Harris.* 6th Dist. H-99-010, 2000 Ohio App. LEXIS 2433, 2000 WL 731374, * 2 (June 9, 2000), fn.1.

[*P9] While represented by counsel, Williams filed a pro se motion requesting the court allow him to withdraw his no contest plea and appoint him new counsel. The court held a hearing on Williams' request for a new attorney, but declined to hear his motion to withdraw his plea. After denying Williams' request for a new attorney, the court explained to Williams that he should "discuss whether or not [his attorney could] file a motion or should file a motion to vacate" his plea. No such motion was filed by Williams' attorney.

[*P10] Williams argues that it was an error for the court to hold a hearing on one pro se motion, while refusing to hear arguments on another. Specifically, Williams argues that because the court held a hearing on his motion to appoint new counsel, the court was required to hold a hearing on his motion to withdraw his plea. We disagree.

> Where, during the course of his trial for a serious crime, an indigent accused questions the effectiveness and adequacy of assigned counsel * * * it is the duty of the trial judge to inquire into the complaint and make such inquiry a part of the record. The trial judge may then require the trial to proceed with assigned counsel participating if the complaint is not substantiated or is unreasonable.

*State v. Deal.* 17 Ohio St.2d 17, 244 N.E.2d 742 (1969), syllabus. The duty of the court to inquire only arises "if the allegations are sufficiently specific." *State v. Johnson.* 112 Ohio St.3d 210, 2006 Ohio 6404, ¶68, 858 N.E.2d 1144, quoting *State v. Carter.* 128 Ohio App.3d 419, 423, 715 N.E.2d 223 (4th Dist.1998).

[*P11] In his pro se motion requesting the court to appoint him new counsel, Williams alleged that he was misled into believing that a no contest plea was in his best interest. The court held a hearing to provide Williams an opportunity to explain further. Without deciding whether Williams' allegations were sufficiently specific to give rise to the court's duty to inquire, we cannot find error in the court choosing to take the more cautionary path. The court's decision to hold a hearing on Williams' pro se motion for new counsel, however, did not impose a duty on the court to then hold a hearing on any pro se motion filed by Williams, who was represented by counsel. Williams cites no authority for such a proposition and we decline to impose such a duty on the court. App.R. 16(A)(7).

[*P12] Because Williams was represented by counsel, his motion to withdraw his plea was not properly before the court and the court was not required to give it consideration. *See Walters.* 2008 Ohio 1466, at ¶ 19. Accordingly, Williams' first assignment of error is overruled.

*State v. Williams*, 2012 Ohio App. LEXIS 3010, *4-7 (Ohio App. July 30, 2012); Doc. 7-3, pp. 56-58, ¶¶ 7-12.  As reflected above, the Ninth District Court of Appeals concluded that the trial court did not err in denying Williams' motion to withdraw plea without first conducting a hearing.

Here, Williams, as he did in the state court, complains of a violation of state law. However, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984).  "A violation of state law is not cognizable in federal habeas corpus unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution." *Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008) (internal citations omitted).  Thus, to the extent that Wiliams' claim in Ground One is based on a perceived violation of state law in denying his motion to withdraw his no contest plea, his claim is not cognizable on federal habeas review.

To the extent that Williams now argues that he was denied his federal right to due process when the trial court did not conduct a hearing on his withdraw his plea, Williams did not present his claim in that manner to the state court nor did he clearly assert such a claim in his Petition.[3] Even if Williams fairly and properly presented a federal due process claim to the state courts and this Court, Williams is unable to demonstrate that the trial court's decision amounted to a denial of fundamental fairness such that federal habeas relief is warranted.  *See e.g., Akemon v. Brunsman*, 2007 WL 2891012, *12 (S.D. Ohio Sept. 28, 2007).

"There is no federal constitutional right to withdraw a guilty plea." *Jones v. Sheldon*, 2014 WL 1493137, *10 (N.D. Ohio Apr. 11, 2014) (internal citations omitted).  "The inquiry as to whether the trial court's challenged decision implicates constitutional concerns turns on whether the plea, which the petitioner sought to withdraw, was entered knowingly and voluntarily or, in other words 'represents a voluntary and intelligent choice among the alternative courses of action open to him.'"  *Akemon*, 2007 WL 2891012, *12 (internal citations omitted); *see also Salter v. Tambi*, 2006 WL 2360924 * 7 (N.D. Ohio Aug. 15, 2006) (although there is no constitutional right to withdraw a guilty plea, the court looks to "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant") (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).

The trial court denied the motion without a hearing because Williams had filed his motion *pro se* even though Williams was represented by counsel.  Williams complains that the trial court failed to conduct a hearing on his motion to withdraw his no contest plea. However, he has not demonstrated that a hearing was constitutionally required.  Also, although advised that he

---

[3] Williams does not reference a violation of due process in his Petition.  He alludes to a federal due process violation in his Traverse.  Doc. 8, pp. 4-5.  While pleadings of *pro se* prisoners are liberally construed, *see Haines v. Kerner,* 404 U.S. 519, 520-521(1972), a court is not required to address a theory of relief asserted only in a traverse but not in the habeas petition.  *See Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).

could discuss refiling his motion to withdraw with counsel (Doc. 7-2, pp. 86-87), no motion was subsequently filed.   Moreover, the record demonstrates that Williams' plea was voluntary and intelligent, *see* Doc. 7-2, pp. 41-71 (Transcript of plea hearing); Doc. 7-3, pp. 1-3 (Plea Form); Doc. 7-3, p. 4 (Trial court's acceptance of plea) and Williams does not attempt to argue otherwise.   Thus, Williams is unable to demonstrate that the state court's denial of his request to withdraw his no contest plea was contrary to or an unreasonable application of clearly established federal law.

For the foregoing reasons, the undersigned finds that, to the extent that Williams asserts a violation of state law in Ground One, his claim is not cognizable on federal habeas review. Further, to the extent that Williams asserts a violation of his federal due process rights in Ground One, he failed to present his claim to the state courts in that same manner and/or he has failed to demonstrate that the state court's denial of his motion to withdraw no contest plea was contrary to or an unreasonable application of clearly established federal law.   Accordingly, the Court should deny Williams federal habeas relief on Ground One.

### 2. Ground Two

> **Ground Two:** The court chose not to appoint new counsel in part because appointing new counsel would have placed an additional expense on the taxpayers.  Williams' att. told the court that Williams wanted to have his case tried within ninety speedy trial limit but that the defense att. was willing to go past that time limit and try the case starting on Jan. 12, 2011.

Doc. 1, p. 8.

Although not entirely clear in his Petition, Williams indicates in his Traverse that, in Ground Two, he is arguing that the trial court violated his constitutional right to effective assistance of counsel when the trial court denied Williams' counsel's motion to withdraw as

counsel and Williams' *pro se* motion to appoint new counsel.[4]  Doc. 1, p. 8, Doc. 8, pp. 5-8.
Williams presented these claims in Ground Two in the state courts on direct review in his second
assignment of error (Doc. 7-2, pp. 26-28) and second proposition of law (Doc. 7-2, pp. 80-82).

The Sixth Amendment entitles a defendant effective assistance of counsel. *Tolliver v.
Dallman*, 57 F.3d 1070, *2 (6th Cir. 1995) (unpublished) (citing *Strickland v. Washington*, 466
U.S. 686 (1984)).  However, "[t]his right has not been extended to allow an indigent defendant
the counsel of his choice." *Tolliver*, 57 F.3d at *2 (citing *United States v. Iles*, 906 F.2d 1122,
1130 (6th Cir. 1990)); *see U.S. v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006) (continuing to
recognize limitations on the right to counsel of choice and noting that "the right to counsel of
choice does not extend to defendants who require counsel to be appointed for them").  Since
"[a]n indigent defendant has no right to have a particular attorney represent him," in order to be
entitled to substitution of counsel, a defendant must show good cause for substitution. *Tolliver*,
57 F.3d at * 2.  State and federal courts have recognized that a trial court must make some
inquiry into a defendant's complaints where there has been a request for substitution of
appointed counsel. *Id.*  Notwithstanding the need for inquiry into a defendant's complaints,
"[t]he Sixth Amendment does not guarantee the defendant a 'meaningful relationship' with his
attorney. *Simmons v. Sheets*, 2011 WL 1043909, * 27 (S.D. Ohio Feb. 23, 2011), *report and
recommendation adopted*, 2011 WL 1002734 (S.D. Ohio Mar. 16, 2011).  Thus, "[t]he decision
regarding whether to appoint new counsel at a defendant's request is committed to the sound
discretion of the court." *Id.* (citing *United States v. Trujillo*, 376 F.3d 593, 606 (6th Cir. 2004).

---

[4] As noted above, a court is not required to address a theory of relief asserted only in a traverse but not in the habeas
petition.  *See Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).  Thus, Williams' claims in Ground Two may not
be properly before this Court.

In considering a request for substitution, a court is to consider: "the timeliness of the motion; the adequacy of the court's inquiry into the defendant's complaint; and whether the conflict between the attorney and client was so great that it resulted in a total lack of communication preventing an adequate defense." *Id.* (citing *Benitez v. United States*, 521 F.3d 625, 632 (6th Cir. 2008); *United States v. Henderson*, 626 F.3d 326, 2010 WL 4670503, at *10 (6th Cir. Nov. 19, 2010)).  Further, "[c]onsideration of such motions requires a balancing of the accused's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice." *Simmons*, 2011 WL 1043909, *27; *see also United States v. Jennings*, 83 F.3d 145, 148 (6th Cir. 1996) (same) (citing *United States v. Iles*, 906 F.2d 1122, 1130, n. 8 (6th Cir. 1990)).

In reviewing Williams' claim on direct appeal, the Ninth District Court of Appeals held:

[*P13] In his second assignment of error, Williams argues that the court erred when it declined to appoint him new counsel. We disagree.

[*P14] "[A]n indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate 'good cause' to warrant substitution of counsel." *State v. Murphy.* 91 Ohio St.3d 516, 523, 2001 Ohio 112, 747 N.E.2d 765 (2001), quoting *United States v. Iles,* 906 F.2d 1122, 1130 (6th Cir.1990). A trial judge may deny a defendant's request for new counsel if the request is unreasonable. *Murphy* at 523. "In evaluating a request for substitute counsel, the court must balance 'the accused's right to counsel of his choice [against] the public's interest in the prompt and efficient administration of justice.'" (Alteration sic.) *Id.* quoting *United States v. Jennings.* 83 F.3d 145, 148 (6th Cir.1996).

[*P15] To prevail on an appeal of a court's denial of a motion to appoint new counsel, the defendant must show that he or she was prejudiced by the court's denial. *State v. Charley.* 9th Dist. No. 01CA007813, 2002 Ohio 1962, 2002 WL 701932, * 1 (Apr. 24, 2002). With this in mind, a court's decision to deny a defendant's request to have new counsel appointed is reviewed under an abuse of discretion standard. *Id* An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore.* 5 Ohio St.3d 217, 219, 5 Ohio B. 481, 450 N.E.2d 1140 (1983).

[*P16] There is evidence throughout the record that the relationship between Williams and his attorney was strained. However, the record does not support the

conclusion that there was a complete breakdown in communication. The crux of the tension appears to be Williams' desire to be brought to trial as quickly as possible and counsel's desire to provide an adequate defense.

[*P17] In January 2011, the court conducted a hearing on defense counsel's motion to withdraw. After the court denied the motion, counsel made a formal discovery request and acknowledged that this would toll Williams' speedy trial time. Counsel noted that while Williams had expressed that he did not want his time tolled, counsel felt that conducting discovery was in Williams' best interest. The court agreed, "I'm trying to look out for your best interests as is your attorney, and sometimes [] you have competing interests butting heads, the right to speedy trial versus the time it takes to be properly prepared." The court did not find that there was a complete breakdown in communication. Instead, the court held that appointing new counsel would only delay the case further, and would not be in Williams' best interest.

[*P18] In February 2011, Williams entered a plea of no contest and the court found him guilty on all counts. A week later, Williams wrote a letter to the court requesting it appoint him new counsel and permit him to withdraw his plea. The court held a hearing on Williams' motion for new counsel. Williams offered two reasons why he wanted his attorney to withdraw from his case and have new counsel appointed. First, Williams argued that his attorney entered his plea of not guilty by reason of insanity without his consent. Second, Williams argued that his attorney misled him into believing that the no contest plea was in his best interest.

Plea of Not Guilty by Reason of Insanity

[*P19] Williams argued that his attorney entered a plea of not guilty by reason of insanity even after he told his attorney he did not want to enter such a plea. The court conducted a hearing on defense counsel's motion to enter a plea of not guilty by reason of insanity. At the hearing, defense counsel informed the court that Williams had initially disagreed with entering the plea of insanity, but had since come to understand that it was necessary to explore the possibility of such a defense. Williams did not voice an objection to the plea of insanity during the hearing. The court confirmed that Williams understood this plea would cause a delay.

THE COURT: Mr. Williams, is it your request as well that you would like to be, have an examination to explore this change in plea?

THE DEFENDANT: Yes, Sir.

THE COURT: Okay. And you understand that this will take some time to be able to accomplish. We'll try to have it done as soon as possible, but I can't guarantee if it's going to be a week, two weeks or three weeks, or whatever it might be, we

will certainly try to do our very best in preserving and honoring your speedy trial rights, but at this point the time will be tolled * * *

[*P20] On November 22, 2010, Williams wrote a letter to the court requesting to withdraw his plea of not guilty by reason of insanity so that he could proceed to trial. The court held a hearing on December 17, 2010, at which time defense counsel orally moved the court to withdraw the plea of insanity and to set the matter for trial. The motion was granted.

[*P21] Williams does not allege that a complete breakdown in communication with his attorney resulted in the plea of insanity against his wishes. On the contrary, the record shows that Williams requested that the court accept his change in plea.

Plea of No Contest

[*P22] Williams further argued that he should have new counsel appointed because his attorney led him to believe that a no contest plea was in his best interest. Williams does not elaborate except to say that his no contest plea "just made [him] guilty of all charges" and that he wanted to go to trial. Williams offers no explanation as to why a no contest plea was not in his best interest. Further, Williams does not allege a complete breakdown in communications with his attorney nor does he offer specific facts that would support such a finding.

[*P23] After reviewing the record, we cannot conclude the court abused its discretion in refusing to appoint Williams new counsel. Accordingly, Williams' second assignment of error is overruled.

*State v. Williams*, 2012 Ohio App. LEXIS 3010, *7-12 (Ohio App. July 30, 2012); Doc.

7-3, pp. 58-61, ¶¶ 13-23.

The foregoing demonstrates that the state court properly recognized the need for a

defendant to demonstrate good cause in order to allow for substitution  of Williams' court

appointed counsel and the state court's decision makes clear that its decision was not contrary to

or an unreasonable application of clearly established federal law.

With respect to timeliness, Williams' counsel's motion to withdraw was filed very close

to the scheduled trial date such that allowing a substitution of counsel would have delayed the

trial.  Doc. 7-3, p. 59, ¶ 17.  The state court made this determination when considering the

competing interests of a speedy trial versus the time it takes to properly prepare for trial, noting that appointing new counsel would only delay the trial further and not be in Williams' best interest.  Doc. 7-3, p. 59, ¶ 17.  Williams' *pro se* motion to have new counsel appointed was made after he had already entered his no contest plea.  Doc. 7-3, p. 59, ¶ 18.

With respect to whether the court conducted an adequate inquiry into the motions to have Williams' counsel withdrawn from the case, the trial court conducted hearings on both motions and the record makes clear that the trial court's inquiry was adequate.  Doc. 7-2, pp. 28-40 (January 4, 2011, hearing on Williams' counsel's motion to withdraw); Doc. 7-2, pp. 72- 87 (March 17, 2011, hearing on Williams' *pro se* motion to have his attorney withdrawn filed after entering a no contest plea).

With respect to whether the conflict between the attorney and client was so great that it resulted in a total lack of communication preventing an adequate defense, Williams argues that, "[d]ue to the *apparent* break down in the attorney client relationship, the court should have appointed new counsel."  Doc. 8, p. 7 (emphasis supplied).   In making his argument, Williams does not identify specific facts showing that there was in fact a total breakdown in communication that prevented an adequate defense.  Moreover, the state court clearly considered whether there had been a total breakdown sufficient to warrant removal of counsel.  For example, when considering whether there was a total breakdown in communication, the Ohio Court of Appeals recognized that the relationship between Williams and his counsel had been strained but found that "the record does not support the conclusion that there was a complete breakdown in communication.  The crux of the tension appears to be Williams' desire to be brought to trial as quickly as possible and counsel's desire to provide an adequate defense."  Doc. 7-3, p. 59, ¶ 16.  To the extent that Williams argues that a total breakdown is demonstrated

by the fact that his counsel did not file a request for discovery earlier in the case (Doc. 8, pp. 7-8),  a review of the trial court's hearing on Williams' counsel's motion to withdraw shows that Williams' counsel was in fact trying to obtain discovery but was trying to do so informally in an attempt to avoid tolling of his client's speedy trial time (Doc. 7-2, pp. 30-31).  After the trial court denied Williams' counsel's request to be removed from the case, Williams' counsel stated, "Your Honor, for the record, I have discussed or had some brief discussions with Mr. Williams this morning, and it seems as if he's asking for those discovery issues."  Doc. 7-2, pp. 31-32.  At that point, Williams' counsel proceeded to request formal discovery.  Doc. 7-2, p. 32.

To the extent that Williams relies upon *State v. Bronaugh*, 3 Ohio App.3d 307 (Ohio App. 1st Dist. 1982), to suggest that any time both counsel for the defendant and the defendant file motions seeking to have counsel removed from the case (Doc. 8, p. 7), a trial court abuses its discretion in not removing counsel and/or federal habeas relief is warranted, Williams' argument is without merit.  In *Bronaugh*, the court found that the trial court had abused its discretion in denying a joint request make by counsel and defendant to remove counsel.  *Bronaugh*, 3 Ohio App.3d at 308.  The court's decision was based on the specific facts as presented by the defendant's counsel.  *Id.* at 307-308.  Thus, contrary to Williams' suggestion, *Bronaugh* does not stand for the broad proposition that a court must appoint substitute counsel any time both counsel for a defendant and a defendant move to have counsel removed.   Further, although Williams' counsel had earlier moved to be withdrawn from the case, defense counsel did not join in Williams' later separate motion to have his counsel removed.  Doc. 7-2, pp. 76, 81, 83 (March 17, 2011, hearing transcript reflecting defense counsel's comments regarding the strained communications but his statement that he was not requesting to withdraw from the case).  Finally, in order to demonstrate entitlement to federal habeas relief, Williams must show that the

state court's decision was contrary to clearly established federal, not state, law.  However, *Bronaugh* was decided by a state court of appeals.  Thus, Williams' reliance upon *Bronaugh* to argue that federal habeas relief is warranted is misplaced and unpersuasive.

Based on the foregoing, the undersigned concludes that the state court's determination regarding the motions to have Williams' counsel withdrawn from the case is not contrary to or an unreasonable application of clearly established federal law.  Accordingly, the Court should deny Williams federal habeas relief on Ground Two.

### 3.  Ground Three

> **Ground Three:** In the case at bar the state never proved, on the record, that the state had not exceeded the time in which a defendant is guaranteed a speedy trial.  The court made no findings of fact but merely asked the atts. in the case how much time was left.

Doc. 1, p. 6.

Williams presented a speedy trial claim in the state courts on direct review in his third assignment of error (Doc. 7-2, pp. 28-30) and third proposition of law (Doc. 7-2, pp. 82-83).

To the extent that Ground Three is premised upon an alleged violation of Ohio's speedy trial statute, [5] Williams fails to raise a cognizable claim for federal habeas relief.  *See Estelle, 502 U.S. at 67*-68 ("a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States").

To the extent that Ground Three is premised upon an alleged violation of the Sixth Amendment right to a speedy trial, as discussed more fully below, Williams is unable to demonstrate that the state court's determination regarding his speedy trial claim was contrary to or an unreasonable application of clearly established federal law.

---

[5]  Ohio's speedy trial statute states that a "person against whom a charge of felony is pending . . . shall be brought to trial within two hundred seventy days after his arrest."  Ohio Rev. Code. § 2945.71(C)(2).  "For purposes of computing time . . . each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."  Ohio Rev. Code. § 2945.71(E).

The Sixth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment, guarantees a defendant a "speedy and public trial." U.S. Const. Amend. VI; *Barker v. Wingo*, 407 U.S. 514, 515-516 (1972).  The Supreme Court in *Barker* refused to establish a set number of days constituting a violation of the speedy trial right, stating that "such a result would require the Court to engage in legislative or rulemaking activity, rather than in the adjudicative process to which it should confine its efforts." *Barker,* 407 U.S. at 523.  Rather, the Supreme Court established a balancing test in which the conduct of both the prosecution and the defendant are weighed to assess whether a speedy trial violation has occurred based on the length of the delay between the date of indictment or arrest (whichever is earlier) and the date of trial.  *Id.* at 530; *see also United States v. Marion*, 404 U.S. 307, 320-21 (1971).  The following four factors are to be considered under this balancing test: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant. *Barker*, 407 U.S. at 530; *see also Doggett v. United States*, 505 U.S. 647, 651 (1992).

To trigger a speedy trial analysis under the four-factor balancing test, the defendant first must demonstrate that "the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Doggett*, 505 U.S. at 651-52; *Barker*, 407 U.S. at 530. "The length of the delay is a threshold requirement. If the length of the delay is not 'uncommonly long,' then judicial examination ends." *Maples v. Stegall*, 427 F.3d 1020, 1025-26 (6th Cir. 2005) (quoting *Doggett*, 505 U.S. at 652).  While delays approaching one year are considered presumptively prejudicial depending on the seriousness of the charge, *Doggett*, 505 U.S. at 652, n.1; *Maples*, 427 F.3d at 1026, those of a lesser duration are not per se excessive.  *See United States v. White*, 985 F.2d 271, 275 (6th Cir. 1993) (six-and-one-half

month delay not presumptively prejudicial); *see also United States v. Howard*, 218 F.3d 556, 564 (6th Cir. 2000) (delay of five months not per se excessive); *Wilcher v. Rose*, 85 F.3d 630, 1996 WL 262951, at *1 (6th Cir. 1996) (unpublished), (ten-and-one-half months not presumptively prejudicial); *Hogan v. McBride*, 74 F.3d 144, 145 (7th Cir. 1996) (eight month delay between charge and trial not presumptively prejudicial).

The Sixth Circuit addressed Ohio's speedy trial statute in the context of federal habeas review in *Brown v. Bobby*, 656 F.3d 325 (6th Cir. 2011).  The court held that AEDPA deference applied even though the Ohio Court of Appeals did not specifically explain it was ruling on the petitioner's Sixth Amendment speedy trial claim.  *Id* at 329.   In considering the petitioner's federal habeas claim under AEDPA, the Sixth Circuit reasoned that AEDPA does not require that a state court strictly apply the relevant federal standard as long as the test applied is not contrary to, or substantially different from, the relevant Supreme Court precedent.  *Id*. at 330. The Sixth Circuit recognized that Ohio courts consider the provisions in Ohio's speedy trial statute to be co-extensive with the Sixth Amendment.  *Id.*  Indeed, the Sixth Circuit stated that "Ohio's procedure for determining whether a speedy trial violation has occurred, by applying the 270-day limit, is not 'substantially different' from the *Barker* analysis, and can be seen as merely the state's method of applying that Supreme Court precedent in a more structured manner" *Id.* "Thus, any time an Ohio court reviews the implementation of a speedy trial statute, it is guided not just by those provisions, but also by the dictates of the Sixth Amendment whether or not it expressly applies the factors laid out in *Barker*."  *Id*. at 331.  After determining that the state court adjudicated the merits of the Sixth Amendment claim and that the state court's decision was not contrary to federal law, the Sixth Circuit then reviewed the state court's analysis  and determined that the state court reasonably applied *Barker* when it determined that an

approximate nineteen month delay in bringing the petitioner to trial did not violate the

Constitution. *Id.* at 332-38.

Here, in reviewing Williams' claim on direct appeal, the Ninth District Court of Appeals

found that:

> [*P24] In his third assignment of error, Williams argues that his convictions
> should be vacated because the State failed to prove that his speedy trial rights
> were not violated. We disagree.
>
> [*P25] "The Sixth and Fourteenth Amendments to the United States Constitution
> and Article 1, Section 10 of the Ohio Constitution guarantee a criminal defendant
> the right to a speedy trial." *State v. Armstrong.* 9th Dist. No. 03CA0064-M, 2004
> Ohio 726, ¶ 5, citing *State v. Pachay.* 64 Ohio St.2d 218, 219, 416 N.E.2d 589
> (1980). A person charged with a felony must be brought to trial within 270 days
> of his or her arrest and each day a defendant is held in jail in lieu of bail will be
> counted as three days. R.C. 2945.71(C)(2); RC. 2945.71(E). The defendant's
> speedy trial clock begins to run on the day after arrest or service of summons.
> *State v. Szorady.* 9th Dist. No. 02CA008159, 2003 Ohio 2716, ¶ 12. A trial court
> has the discretion to extend the time a defendant may be brought to trial, provided
> the continuance is reasonable. *State v. Davis.* 46 Ohio St.2d 444, 349 N.E.2d 315
> (1976), syllabus; R.C. 2945.72(H); *State v. McBreen.* 54 Ohio St.2d 315, 318, 376
> N.E.2d 593 (1978). We review a court's decision to extend the time for trial under
> an abuse of discretion standard. *State v. Perry.* 2d Dist. No. 24735, 2012 Ohio
> 1856, ¶ 30. An abuse of discretion implies the court's attitude is unreasonable,
> arbitrary or unconscionable. *Blakemore.* 5 Ohio St.3d at 219.
>
> [*P26] Williams was arrested on April 14, 2010. Therefore, his speedy trial time
> began to run on April 15, 2010. On July 9, 2010, Williams filed a motion to enter
> a plea of not guilty by reason of insanity, which tolled his time at 86 days. At a
> hearing on December 17, 2010, the court granted Williams' motion to withdraw
> his insanity plea and to proceed to trial. Defense counsel, the State's attorney, and
> the judge all noted Williams' time to be brought to trial would expire the
> following week. The court found that a trial could not be completed before the
> court closed for the holidays, and therefore, it would be in everyone's best interest
> to delay the start of the trial until after the new year. The court stated that "given
> the fact that this is now just before the Court's going to be closed  for the holiday,
> the Court finds that a January 12th date would be reasonable and not be violative
> of the defendant's speedy trial rights, I think that would be the most efficient time
> to try to get this case resolved."
>
> [*P27] On December 29, 2010, defense counsel filed a motion to withdraw,
> tolling Williams' speedy trial time. The court denied counsel's motion after a
> hearing on January 4, 2011. At that same hearing, counsel orally moved for

discovery which continued the tolling of Williams' time. His speedy trial time was still tolled when he entered his plea of no contest.

[*P28] Because the court's continuance beyond Williams' statutory time to be brought to trial was reasonable, we conclude the court did not abuse its discretion. Williams' third assignment of error is overruled.

*State v. Williams*, 2012 Ohio App. LEXIS 3010, *12-14 (Ohio App. July 30, 2012); Doc. 7-3, pp. 61-62, ¶¶ 24-28.

The Ohio Court of Appeals' decision was not contrary to federal law because its analysis under Ohio's speedy trial statute was consistent with the Sixth Amendment. *See Brown*, 656 F.3d at 330. Further, the Ohio Court of Appeals' decision was not an unreasonable application of federal law. Williams was arrested on April 14, 2010, and entered a no contest plea February 28, 2011, approximately ten and a half months later. Doc. 7-3, pp. 1-4, 54. Where the length of delay is not "uncommonly long," further examination under the *Barker* factors is not necessary because there has been no denial of a "speedy" trial. *United States v. Gardner*, 488 F.3d 700, 719 (6th Cir. 2007) (finding that an approximate nine month delay is not uncommonly long and is insufficient to warrant further consideration of the remaining Barker factors). Here, the approximate ten and a half month delay may not be presumptively prejudicial so as to trigger further examination. *See Wilcher*, 1996 WL 262951, at *1 (indicating that a ten month and a half month delay did not create a presumption of prejudice but examination of other *Barker* factors was conducted); *cf. United States v. Brown*, 498 F.3d 523, 530 (6th Cir. 2007) (noting that a ten-month delay "is likely right at the line to trigger an analysis of the remaining [Barker] factors").

Even assuming that a ten month delay is sufficient to trigger further analysis under *Barker*, examination of the remaining *Barker* factors demonstrates that the state court's determination that there was no speedy trial violation was not an unreasonable application of clearly established federal constitutional law. Although Williams did assert his speedy trial

21

rights during the state trial court proceedings, the balance of the *Barker* factors weigh against him.  With respect to the second *Barker* factor, i.e., reason for delay, a large portion of the ten and a half month delay was attributed to the defense's motion to enter a not guilty by reason of insanity plea ("NGRI plea"), which was filed on July 9, 2010, and tolled the period until December 17, 2010, when the trial court granted Williams' motion to withdraw his NGRI plea. Further, the trial court's scheduling of the trial for January 12, 2011, which would have taken the case beyond Ohio's statutory speedy trial time by approximately 20 days, was done because of the possibility of picking a jury right before the court closed for the holiday and inconveniencing the jurors by requiring them to return after the holiday.  Doc. 7-2, pp. 25-27.   The trial court noted its concern that proceeding in such a manner could make the jurors mad at either party and was not in anybody's best interest and concluded that a January 12, 2011, trial date was reasonable and not a violation of Williams' speedy trial rights.  Doc. 7-2, p. 25-26.  Thereafter, prior to the January 12, 2011, trial, on December 29, 2010, Williams' counsel filed his motion to withdraw as counsel which was denied on January 4, 2011, and then on, January 4, 2011, Williams, through counsel, moved for formal discovery.  Doc. 7-1, p. 11; Doc. 7-2, pp. 28-40. Thus, Williams' speedy trial time was again tolled based on motions filed by the defense.  The trial was rescheduled to February 28, 2011.  Doc. 7-1, p. 11.  Williams entered his plea of no contest on February 28, 2011.  Doc.  Doc. 7-3, pp. 1-4.

With respect to the fourth *Barker* factor, i.e., prejudice to the defendant, Williams has not made any showing as to how he was prejudiced by the delay.  Williams has not demonstrated impairment to his defense by virtue of the delay.  To the contrary, proceeding with a trial on or before December 23, 2010, the end of Ohio's speedy time, which was only 6 days after the withdraw of his NGRI guilty plea on December 17, 2010, may have in fact been detrimental to

his defense.  Williams had not requested formal discovery at that point and, as discussed above, starting a trial during the holiday week could have resulted in the selection of a jury without the ability to complete the trial before the court closed for the holiday.  Further, Williams has not alleged nor demonstrated that any witness became unavailable or that any other evidence was lost because of the delay.  *See Barker*, 407 U.S. at 532.  Williams has likewise failed to demonstrate prejudice on account of abnormal anxiety or oppressive pretrial incarceration.  *See id.*  Furthermore, the length of delay alleged by Williams in this case is generally insufficient in itself to create a presumption of prejudice.  *See United States v. Schreane*, 331 F.3d 548, 559 (6th Cir. 2003) (collecting cases and noting that "[w]hen prejudice has been found, the government's delay has typically been shockingly long") (citing *Doggett*, 505 U.S. at 657 (six years); *United States v. Brown*, 169 F.3d 344, 351 (6th Cir. 1999) (five and one-half years); *United States v. Graham*, 128 F.3d 372, 376 (6th Cir. 1997) (eight years)).

Based on the foregoing, the undersigned concludes that the state court's determination regarding Williams' speedy trial claim was not contrary to or an unreasonable application of clearly established federal law.[6]  Accordingly, the Court should deny Williams federal habeas relief on Ground Three.

---

[6] Williams may also have waived his speedy trial claim by virtue of entering a voluntary and intelligent no contest plea.  *See United States v. Acosta*, 16 F.3d 1221, *1 (6th Cir. 1993) (unpublished) (concluding that a claimed violation of the Speedy Trial Act is a non-jurisdictional defect and therefore the right to raise such a claim is waived upon a plea of nolo contendere). Even if Williams preserved his speedy trial claim, as discussed herein, the state court's determination regarding Williams' speedy trial claim was not contrary to or an unreasonable application of clearly established federal law.

### IV.    Conclusion and Recommendation

For the reasons stated herein, the undersigned recommends that Williams' Petition (Doc.

1) be **DENIED**.  Williams' request for an evidentiary hearing contained in his Traverse (Doc. 8)

is **DENIED**.

Dated: December 19, 2014

_____

Kathleen B. Burke
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of
Courts within fourteen (14) days after the party objecting has been served with a copy of this
Report and Recommendation.  Failure to file objections within the specified time may waive the
right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir.
1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).