**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MAURICE L. WILLIAMS, | ) | CASE NO. 1:13CV659 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| JASON BUNTING, Warden, | ) | MEMORANDUM OF OPINION |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Maurice L. Williams' Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and denies Petitioner's Petition.

## **FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

Petitioner was indicted on Attempted Murder, two counts of Felonious Assault, Attempted Aggravated Arson, Domestic Violence and an additional count of Attempted Aggravated Arson.  On February 28, 2011, Petitioner entered a plea of no contest and the court found him guilty on all counts.  Petitioner was sentenced to nine years for Attempted Murder and three consecutive years for Attempted Aggravated Arson.  The court found the other counts were allied offenses of similar import and merged them with the Attempted Murder conviction.

On July 5, 2011, Petitioner filed a Notice of Appeal with the Ninth District Court of Appeals.  On July 30, 2012, the Ninth District Court of Appeals affirmed the trial court's judgment.  On September 6, 2012, Petitioner filed a Notice of Appeal with the Ohio Supreme Court.  On November 28, 2012, the Ohio Supreme Court declined jurisdiction and dismissed the Appeal.

Petitioner filed the instant Petition on March 26, 2013, asserting the following grounds for relief:

> **GROUND ONE:**
> Supporting Facts: The court should have conducted a hearing on Williams' motion to withdraw his plea, especially in light of the fact that Williams wanted to replace his counsel because of difference in how they felt the case should continue.  Williams was not afforded a hearing on his motion to withdraw his plea and furthermore the court did not fairly consider Williams['] motion to withdraw his plea.
>
> **GROUND TWO:**
> Supporting Facts: The court chose not to appoint new counsel in part because appointing new counsel would have placed an additional expense on the taxpayers. Williams' Att.[sic] told the court that Williams wanted to have his case tried within ninety [day] speedy trial limit but that the defense Att.[sic] was willing to go past that time limit and try the case starting on Jan.12, 2011.

2

**GROUND THREE:**
In the case at bar the state never proved on the record that the state had not exceeded the time in which a defendant is guaranteed a speedy trial. The court made no findings of fact but merely asked the Atts.[sic] in the case how much time was left.

On April 18, 2013, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued her Report and Recommendation on December 19, 2014. On February 23, 2015, Petitioner filed Objections to the Magistrate's Report and Recommendation.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules

3

Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

In Ground One, Petitioner argues that the court erred when it denied his *pro se* Motion to Withdraw his no contest plea. While represented by counsel, Petitioner filed the Motion requesting the court allow him to withdraw his no contest plea and appoint new counsel. The court held a hearing on the request for a new attorney, but declined to hear Petitioner's Motion to withdraw his plea. Respondent asserts that Ground One is non-cognizable in habeas since it was presented on direct appeal as a state law violation, not as a federal constitutional claim.

The Magistrate Judge correctly concluded that as a violation of state law, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions". *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law". *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984). "A violation of state law is not cognizable in federal habeas corpus unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution". *Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008) (internal citations omitted).

In Petitioner's Traverse, he alludes to a federal due process violation but does not reference a due process violation in his Petition. The Magistrate Judge points out

4

that while pleadings of *pro se* prisoners are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-521(1972), a court is not required to address a theory of relief asserted only in a traverse but not in the habeas petition. *See Tyler v. Mitchell,* 416 F.3d 500, 504 (6th Cir. 2005). The Court agrees that even if Petitioner fairly and properly presented a federal due process claim to the state courts and this Court, the claim is without merit. "There is no federal constitutional right to withdraw a guilty plea". *Jones v. Sheldon*, 2014 WL 1493137, *10 (N.D. Ohio Apr. 11, 2014) (internal citations omitted).

A review of the record shows that Petitioner's plea was voluntary and intelligent. Petitioner does not attempt to argue that it was not. The Court finds that Petitioner's assertion of a violation of state law in Ground One is not cognizable on federal habeas review. Petitioner's assertion of a violation of his federal due process rights were not presented to the Court of Appeals in the same manner, and he has failed to demonstrate that the Court of Appeals denial of his Motion to Withdraw No Contest Plea was contrary to, or an unreasonable application of, clearly established federal law. Therefore, Ground One is denied.

In Ground Two, Petitioner refers to counsel's Motion to Withdraw as Counsel. The trial court denied the motion. Petitioner contends that the trial court should have granted his attorney's Motion to Withdraw and appointed new counsel. In reviewing this claim on direct appeal, the Court of Appeals found that the trial court did not abuse its discretion in refusing to appoint Petitioner new counsel. The trial court conducted a hearing on defense counsel's Motion and found that there was no breakdown in communication and that appointing new counsel would only cause further delay.

Petitioner argued on direct appeal that his attorney misled him to enter a plea of no contest. However, the Court of Appeals found that Petitioner offered no explanation why a no contest plea would not be in Petitioner's best interest.

The Magistrate Judge determined that Petitioner argued in his Traverse that the trial court violated his right to effective assistance of counsel by not granting the Motion, but that claim is not clear in his Petition. As stated above, a court is not required to address a theory of relief asserted only in a traverse but not in the habeas petition.

Respondent asserts in its Return of Writ that the decision regarding whether to appoint new counsel at a defendant's request is committed to the sound discretion of the court. *See United States v. Trujillo*, 376 F.3d 593, 606 (6th Cir.2004). In considering a request to substitute counsel, the Court must consider "the timeliness of the motion; the adequacy of the court's inquiry into the defendant's complaint; and whether the conflict between the attorney and client was so great that it resulted in a total lack of communication preventing an adequate defense". *Benitez v. United States*, 521 F.3d 625, 632 (6th Cir.2008); *United States v. Henderson*, 626 F.3d 326, 2010 WL 4670503, at *10 (6th Cir. 2010).

The Court of Appeals concluded that the trial court did not abuse its discretion in refusing to appoint Petitioner new counsel. The Magistrate Judge thoroughly reviewed the record and determined that the trial court conducted an adequate hearing on the motion, clearly considered whether there was a break down of the attorney client relationship and considered Petitioner's issue with counsel's delay in filing for discovery. The trial court was satisfied with counsel's explanation regarding the discovery issue. In his Objections, Petitioner states that because of the breakdown in the relationship with


counsel, he had no choice but to enter a plea of no contest as he was left defenseless. The Court disagrees. Petitioner entered his no contest plea on his scheduled trial date and he could have exercised his right to proceed to trial.

The Court agrees with the Magistrate Judge that Petitioner has not shown that the Court of Appeals decision was contrary to clearly established federal law. Therefore, Ground Two is denied.

In Ground Three, Petitioner contends that his right to a speedy trial was violated. The Magistrate Judge points out that to the extent that Ground Three is premised upon an alleged violation of Ohio's speedy trial statute, Petitioner fails to raise a cognizable claim for federal habeas relief. *See Estelle*, 502 U.S. at 67-68 ("a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"). To the extent that Ground Three is premised upon an alleged violation of the Sixth Amendment right to a speedy trial, Petitioner is unable to demonstrate that the Ninth District Court of Appeals' determination regarding his speedy trial claim was contrary to, or an unreasonable application of, clearly established federal law.

The Sixth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment, guarantees a defendant a "speedy and public trial." U.S. Const. Amend. VI; *Barker v. Wingo*, 407 U.S. 514, 515-516 (1972). The Magistrate Judge indicates the four factors to consider when balancing whether a speedy trial violation has occurred: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant. *Barker,* 407 U.S. at 530; see also *Doggett v. United States*, 505 U.S. 647, 651 (1992).

The Court of Appeals reviewed Petitioner's claim on direct appeal and found that the trial court had discretion to extend the time the Defendant may be brought to trial, providing the continuance is reasonable. *State v. Davis*. 46 Ohio St.2d 444, 349 N.E.2d 315 (1976), syllabus; R.C. 2945.72(H); *State v. McBreen*. 54 Ohio St.2d 315, 318, 376 N.E.2d 593 (1978). The Court of Appeals found that the continuance was reasonable and was not an abuse of the trial court's discretion.

The Sixth Circuit addressed Ohio's speedy trial statute in the context of federal habeas review in *Brown v. Bobby*, 656 F.3d 325 (6th Cir. 2011). The court held that AEDPA deference applied even though the Ohio Court of Appeals did not specifically explain it was ruling on the petitioner's Sixth Amendment speedy trial claim. *Id* at 329. In considering the petitioner's federal habeas claim under AEDPA, the Sixth Circuit reasoned that AEDPA does not require that a state court strictly apply the relevant federal standard as long as the test applied is not contrary to, or substantially different from, the relevant Supreme Court precedent. *Id*. at 330. The Sixth Circuit recognized that Ohio courts consider the provisions in Ohio's speedy trial statute to be co-extensive with the Sixth Amendment. *Id.* Indeed, the Sixth Circuit stated that "Ohio's procedure for determining whether a speedy trial violation has occurred, by applying the 270-day limit, is not 'substantially different' from the *Barker* analysis, and can be seen as merely the state's method of applying that Supreme Court precedent in a more structured manner". *Id.* "Thus, any time an Ohio court reviews the implementation of a speedy trial statute, it is guided not just by those provisions, but also by the dictates of the Sixth Amendment whether or not it expressly applies the factors laid out in *Barker*". *Id.* at 331.

8

Petitioner was arrested on April 14, 2010, and entered a no contest plea February 28, 2011, approximately ten and a half months later.  The Magistrate Judge correctly points out that with respect to the second *Barker* factor, i.e., reason for delay, a large portion of the ten and a half month delay was attributed to Petitioner's Motion to Enter a Not Guilty by Reason of Insanity plea ("NGRI plea"), which was filed on July 9, 2010, and tolled the period until December 17, 2010, when the trial court granted Petitioner's Motion to Withdraw his NGRI plea.

The Magistrate Judge further shows that with respect to the fourth *Barker* factor, i.e., prejudice to the defendant, Petitioner fails to show how he was prejudiced by the delay.  Petitioner has not demonstrated impairment to his defense by virtue of the delay. To the contrary, proceeding with a trial on or before December 23, 2010, the end of Ohio's speedy trial time, which was only six days after the withdraw of his NGRI  plea on December 17, 2010, could have been detrimental to his defense.  Additionally, Petitioner has not alleged nor demonstrated that any witness became unavailable or that any other evidence was lost because of the delay.  *See Barker*, 407 U.S. at 532.

The Court agrees with the Magistrate Judge that the Ohio Court of Appeals' decision was not contrary to federal law because its analysis under Ohio's speedy trial statute was consistent with the Sixth Amendment.  *See Brown*, 656 F.3d at 330. The Court finds that the Court of Appeals' decision was not an unreasonable application of federal law.  Therefore, Ground Three is denied.

For the foregoing reasons, the Court  **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation, and denies Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

Date:4/1/2015

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge